So we're ready on that. Good morning. Good morning. Thank you, Your Honor. May it please the court, Robert Swain for the appellant in this matter. I'm also appearing for counsel in the consolidated appeal, Brian Funk, and that case, of course, was the appeal relating to the supervised release violation. So you're going to be arguing both of them. Well, my intent, yes, although my intent is to submit on the briefs as to the supervised release violation unless the court has any questions in that regard. We might, but go for it, but just start. Okay. As to the new case, I'll call it, the trial case, although we raised several issues in the brief, what I'd like to focus my argument on this morning is the issue of the breach of the plea agreement. Now, it's our central contention that the matter should be remanded to the district court for a further hearing to determine what the defendant's reasonable understanding of the plea agreement was, and thereby be able to determine whether, make a factual determination in that regard, and only then can you then go to the next step and see if there's a factual basis to determine whether the new conduct was sufficient to show a breach of the plea agreement. So we're looking at that for plain error, isn't that right? You're asking whether the district court should have held an evidentiary hearing on a breach of the plea agreement, but that wasn't raised to the district court, so we're just reviewing it under the plain error standard, is that right? Well, I think it clearly raises to the level of plain error, but it seems to me that in a situation where the issue was raised, the general issue was raised to the district court before trial, the court was determining it, and while the trial counsel didn't specifically ask for an evidentiary hearing, you know, the case law is pretty clear, Packwood and other cases, that it's the district court's duty, especially when there's a constitutional right at stake, because the cases have held that the defendant has a constitutional right to the enforcement of the plea agreement. But were the disputed issues a fact? Because Packwood just says a court has to have an evidentiary hearing if there are disputed issues of fact, and I don't think any were raised to the district court, right? Well, I don't think... What's the material disputed issues of fact? Well, the material issues of fact that I think should be determined in the first instance by the district court is, what was the defendant's understanding of the plea, reasonable understanding of the plea agreement? Have you put into, is there anything in evidence indicating that the defendant had a different understanding of the plea agreement? I mean, there's nothing ambiguous about the plea agreement, right? Well... It says the government dismisses those claims unless there's a breach, unless the defendant returns to the country. Well, the... I first say... Unlawfully returned. I'm sorry. Go ahead, I'm sorry. Mr. Swain? Pardon me, Mr. Swain. Answer me one question. Is there any dispute as to the fact that your client was in the United States? Yes, because... Oh, really? I thought he was arrested in the United States. No, no, he was arrested at the border, and that goes to the issue of, there's a fine distinction, of course, but there is a distinction between attempting to enter, which was the new charge, and being in the country unlawfully. Well, the plea agreement just says unlawfully returns. It didn't say a 1326 violation. It didn't say enter without any authorization or control or whatever it was. It just says unlawfully returns. I think it's the language. Right, and our position is, there wasn't an unlawful return. Did he return to the United States? Did he go up to the border seeking to enter? Yes, he did, but... But he returned to the United States. But he was never free from official restraint, and if it... But is that, was that in the plea agreement? Is there anything in the plea agreement that says he can't be free of official restraint? Well, the plea agreement, which is supposed to be construed against the government as the drafters of the agreement, especially in a case where, in the previous case, the defendant was pro per, he did have standby counsel, but he was pro per a Spanish-speaking individual with very limited education. And a very difficult client, I might add. That's good observation, Your Honor. Yes, my sympathies to all of his lawyers. Thank you, I'll pass that on. There's quite a number of them, and I know them all. But if you look at the actual language, it says, or defendant unlawfully returns to the United States during supervised release. It doesn't say unlawfully return or attempt to return. And this is just like the Packwood case, where if the court remembers, the language in the agreement was if the defendant had to give complete and truthful testimony and truthful information. But we're just looking at plain error here. I mean, the language says unlawfully return, and it certainly doesn't seem plain error for the district court to say he was trying to get into the country while he was on supervised release. But I think that's a big difference, because if he had been charged with simply a straight 1326 unlawful entry, it would be a judgment of acquittal on a Rule 29, because there's no just- But they use the language. The plea agreement doesn't use the language of 1326, however. Right, and that's why it should be limited specifically as to whether it was an unlawful entry. And I would note, in preparing for the argument- Wait, I guess I didn't follow that. The plea agreement doesn't say an unlawful entry as defined in Section 1326, 18 U.S.C. 1326. No, no, my point was it didn't say unlawful, unlawfully return, or attempt to unlawfully return, because there's no dispute that if he hasn't made an unlawful entry, if he had been charged with simply unlawful entry, he would have been granted a Rule 29, because there's no dispute. He was not free from official restraint. The evidence was he walked right up to the border official, gave the disputed birth certificate to the officer. And if I might add, when I was preparing for oral argument, and I realize I made a mistake not including this in the excerpt of record, but I did look at the transcript of the plea hearing, and if the court would allow me to file a supplemental excerpt of record, in the plea hearing before Judge Benitez, in which he's pro per, although with standby counsel, the judge, at the time of the plea, never specifically goes over the term of being able to have the charges reinstated. More importantly, at one point, the Judge Benitez asked the defendant, is this your agreement? Is there anything else? And the defendant pipes up and says, yes, there's an agreement that the other charges will be dismissed. There's no response by the court or the government that that's conditional in any way. And so I think that's a material issue that the district court should resolve in the first instance, even under a plain error review. So explain to me why this is plain error. You're saying the district court had a sua sponte obligation, since there was no request for an evidentiary hearing, a sua sponte obligation to hold an evidentiary hearing. And what made the failure, what rule do we have or what case saying that the district court's failure to sua sponte do that was error, let alone plain error? Well, I don't have a specific case on that, but I would suggest that when it's a constitutional error, it certainly involves substantial rights on whether- What's the constitutional error? The constitutional error is reinstituting dismissed charges, because from Santabello to all the Ninth Circuit cases, including Packwood, says the defendant has a constitutional due process interest in the enforcement of his plea agreement. And so when you look at the context of the fact there's a material issue as to whether the defendant understood, and this could be reasonably construed as a term of the plea agreement, that should be examined in the first degree. Now, there was also an objection as to, you know, the issue we went around a bit before, but I don't think that even comes up until there's a determination whether the government's right to reinstitute charges is even reasonably understood to be a part of the plea agreement. And so we think the matter should be remanded for the court to consider first whether there was any type of- So let me just get this straight. The district court determined that there was a breach of the plea agreement, and your original argument, or the argument that was raised to the district court was that the jury should hear it, not the district court. So you're not, I'm not hearing you make this argument here. I'm not saying you've waived it, but that's not what I'm hearing. You're saying that the district court erred, if I'm understanding correctly, plainly erred in interpreting the plea agreement as having been breached by defendant returning to the, or entering the border and being caught at the border. And so the district court erred in making that interpretation of the plea agreement. Am I understanding that correctly? That's correct. Okay, so is there a case that says the language unlawfully returned does not mean returning to the border and attempting to enter? Well, that's the principle of Pacheco and the whole series of cases. Is there a case that says those words, unlawfully returned, because you're referring to an interpretation of 1326, and that language in the plea agreement doesn't track 1326? Right, well, I guess I would say, I don't have a specific case, but isn't that the type of thing that the district court should look at in the first instance and determine? Mr. Swayne, can I ask you a question? Yes, your honor. Help me with the geography of the border. Was your client arrested before he started entering the border, or was he arrested when he went to the border officers? He was arrested when he went to primary, he was a pedestrian, it's the pedestrian entry, and he was arrested shortly after he handed over. Nobody, he was not under official custody as he entered the United States, he was in official custody when he went to the gate, to the officers' station, right? No, no, I disagree. In all the cases that look at lack of official restraint, walking, it's assumed that you're under visual and otherwise government control when you haven't even made it to the primary inspection. Do we have a case that says that you're under official restraint before you meet an officer? Well, that's what Pacheco and all the cases say, that if any officer can have control over you, or is like... He was in the United States when he was arrested. He had to... He was in the United States, so he had returned to the United States, and you're saying that we should read into the plea agreement and not under official restraint, but I don't see that in the plea agreement, and you don't have a case saying that we need to read that in, is that correct? That's correct, but again, all I can repeat is if... I need to ask you a quick question, because I know you want to... I think I have your argument in mind on that. Yes, thank you. Just briefly, do you agree with the government that Mr. Plascencia Orozco's appeal from the revocation of his supervisor released is moot? We agree if the conviction in the new case is affirmed, because remember, the basis for the violation was the new conviction, and so if for some reason the conviction, all convictions are vacated, then that would have to be vacated as well. There wasn't an independent basis for that violation. But if it's not, then you agree the other's moot? Right, because he served far more than the 36 months. Do you want to save the balance of your time for Roberta? Yes, thank you, Your Honor. Okay, thank you. May it please the Court, Daniel Zip on behalf of the United States. Can I just ask you really quickly on the mootness while before we go into what the other issue. Is it your position that Mr. Plascencia Orozco has served his 36-month sentence imposed for his violation of the terms of supervised release? Yes, Your Honor, because it was imposed concurrently with the sentence on the new case, and even at the time of the release, at the time of the supervised release violation, he had already been in custody for more than 36 months. So it's our position that those 36 months with no supervised release to follow, there's no collateral consequences that would give this court jurisdiction to consider the issue. And even if there were, the defendant's only real argument is that the court erred by not agreeing to a continuance of the supervised release violation hearing until after this appeal was complete and decided. But the law is clear that it's the act that the defendant committed, not his conviction, and certainly not his conviction upheld on appeal that is the operative fact for determining whether or not supervised release was violated. Turning to the issue of the due process claim regarding the 2008 charges, the only thing that the defendant argued below was after the United States made its motion for a judicial determination, was that this is a matter that should be submitted to the jury and found beyond a reasonable doubt. The only circuit court that's addressed this specific fact pattern, the First Circuit and Gonzales-Sanchez, held specifically that the factual determination of whether a plea agreement has been breached lies with the trial judge, and due process does not require a jury determination. His argument now is not that it should have been submitted to the jury, but that the court had an obligation to sua sponte hold an evidentiary hearing. Because it wasn't raised below, this court reviews for plain error. And as Your Honor pointed out, the language in the plea agreement is different than the language in the 1326 statute. It says unlawfully return to the United States, not unlawfully enter the United States in violation of 1326, or even use the word entry. So the whole doctrine of the official restraint turns on that term of what constitutes an entry into the United States, and this court has held that merely walking across the border as this defendant did at the port would not constitute entry if he was under official restraint. But that doesn't apply to the textual determination in this case of whether he unlawfully returned to the United States. And as to that, there's no factual dispute that he did, in fact, walk across the border and approach the primary inspection booth and apply for entry into the United States. Can you return to the United States without entering the United States? You mean physically enter the United States? Right. How can you return to the United States without entering the United States? He did enter the United States, Your Honor. There was testimony from the inspecting officers essentially outlining how the port of entry is set up. And the way it works is the inspection booths are quite a ways into the United States. It's not right on the border. So the fact that he even got to the point where he was handing over the false birth certificate meant that he was well into the United States, at least as a physical matter. Your friend argues that being under video camera surveillance is official restraint. And there is video camera surveillance from the port of entry, is there not? There is, Your Honor. And I agree that if this were a 1326 entry case, it would be a problem that he only came to the port while under video surveillance. But that's not material here because the language of the plea agreement doesn't track the 1326 statute. It's not a question of whether he entered as that legal term has been defined by this court's case law. It's a question of whether under the terms of the plea agreement, he unlawfully returned. And by walking across the border, he certainly did. And the district court made that judicial determination. Or at least there was no plain error because I think the opposing counsel agrees that there isn't a case on point that interprets unlawful return as being equivalent to enter for purposes of 1326. That's correct, Your Honor. There were a number of issues. I'm happy to address any of the other seven or eight arguments if the court has specific questions. Judge Baird, do you have any additional questions? One question, the judge told him to use the legal name Ramiro Plascencia Orozco, but can a judge do that? No, Your Honor. And actually, thank you for bringing that up. I did want to clarify our position on that point. In our briefing, we concede that there's no legal authority for the court to issue an order, sort of a freestanding order. There is legal authority for the court to impose that as a term of supervised release. And in our papers, we ask that the court vacate the order and remand so that we could apply it as a supervised release condition. What I would ask now is that the court vacate the order, but not remand the case back to the district court. This defendant is in custody for, I believe, another 10 years. This supervised release condition wouldn't come into play until he's actually released from custody. And just for practical purposes, so as not to bring him all the way from whatever institution he is here. We might have another name by then. Correct, and we could always move 10 years from now if necessary to put it on calendar for the district court and move to amend the terms of supervised release. But at this stage, I don't think that it's necessary to remand, simply vacating. Have you discussed that with counsel? Yes. For the defendant? Does he agree that just, we should accept that and just delete it? Or should we just ask him when he comes up there? I mentioned that we were slightly amending our position. I'm not sure what his position on that is. Okay, thank you. Unless there's any other questions. Don't appear to be, thank you. Thank you. So do you agree to that? Certainly, if the court is inclined to vacate that order, and we're gonna object as a condition of supervised release anyway, so that seems reasonable. Just a final point as to the breach of the plea agreement. It just seems to me that it's fundamentally flawed when there's an issue as to whether the defendant has breached and the court just summarily finds, merely by the filing of the new indictment, that that's sufficient to show that this term was breached, that it was within the understanding of a proper defendant. And so we think it's essential for the matter to be remanded for determination of what the defendant's reasonable understanding was. Thank you, Your Honors. Thank you both for your argument. This matter will stand submitted.
judges: Callahan, Bea, Ikuta